LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 10-06131-BRO (JCx) | Date | January 13, 2014 |
|---|---|---|---|
| Title | Michelle Gilstrap v. United Airlines, Inc. et al | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS)

**ORDER RE Defendant United Air Lines, Inc.'s Motion to Dismiss [44] and Defendant United Air Lines, Inc.'s Motion to Strike [45]**

Pending before the Court is Defendant United Air Lines, Inc.'s Motions to Dismiss and Strike Plaintiff Michelle Gilstrap's First Amended Complaint. After consideration of the papers filed in support of and in opposition to the instant motions, the Court deems this matter appropriate for decision without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. For the following reasons the Court **GRANTS** in part and **DENIES** in part Defendant's motion to dismiss and **GRANTS** Defendant's motion to strike.

## I. Background

### A. Facts

Defendant United Air Lines, Inc., ("Defendant" or "United") is incorporated under the laws of Delaware, having its principal place of business in Illinois. (FAC ¶ 2.) Plaintiff Michelle Gilstrap ("Plaintiff") is a person domiciled in the state of California. (FAC ¶ 1.) Defendant provided Plaintiff with air service on two different trips, one in August 2008 and one in December 2009. (FAC ¶¶ 1-2.) When Plaintiff purchased the tickets for air travel, she requested wheelchair assistance at the airport. Plaintiff has a collapsed disk in her back, one replaced knee, one knee in need of replacement, and osteoarthritis. (FAC ¶ 8.) Plaintiff alleges these conditions render her effectively disabled. (FAC ¶ 8.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 10-06131-BRO (JCx) | Date | January 13, 2014 |
|---|---|---|---|
| Title | Michelle Gilstrap v. United Airlines, Inc. et al | | |

### B. Procedural History

This case was remanded by the Ninth Circuit. Plaintiff initially filed her complaint on August 17, 2010. (Dkt. No. 1) Plaintiff filed her First Amended Complaint ("FAC") on October 13, 2010. (Dkt. No. 19.) On November 20, 2010, Defendant filed a motion to dismiss (Dkt. No. 17) and a motion to strike. (Dkt. No. 18.) Defendant argued that Plaintiff's claims were preempted by federal law, and that her state law claims were otherwise legally unsustainable. (Dkt. No. 17.) On January 21, 2011, the district court granted the motion to dismiss with prejudice and denied the motion to strike. (Dkt. No. 25.)

Plaintiff filed an appeal on February 17, 2011. (Dkt. No. 26.) On March 12, 2013, the Court of Appeals affirmed in part, reversed in part and remanded the matter to this Court. *Gilstrap v. United Airlines, Inc.*, 709 F.3d 995 (9th Cir. 2013). The Court of Appeals affirmed the district court's dismissal of Plaintiff's claim under the Americans with Disabilities Act ("the ADA"), and reversed the court's dismissal of her state law claims. *Id.* at 1012. The Court of Appeals only reviewed the district court's decision finding the state law claims were preempted. *Id.* The Ninth Circuit, "therefore, express[ed] no opinion on whether [Plaintiff's] state-law claims would survive dismissal on other grounds." *Id.*

The mandate was received and filed in this Court on April 11, 2013. (Dkt. No. 28.) On September 10, 2013, Defendant filed a motion to dismiss (Dkt. No. 44) and a motion to strike. (Dkt. No. 45.) On September 30, 2013 Plaintiff filed an opposition to both motions. (Dkt. Nos. 49, 50.) On October 7, 2013, Defendant filed replies. (Dkt. Nos. 52, 53.)

## II. MOTION TO DISMISS

### A. Legal Standard

A complaint may be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 10-06131-BRO (JCx) | Date | January 13, 2014 |
|---|---|---|---|
| Title | Michelle Gilstrap v. United Airlines, Inc. et al | | |

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusion . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (internal quotation marks and ellipsis omitted).

To determine whether a complaint states a claim sufficient to withstand dismissal, a court considers the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-34 (2007); *Lee v. City of L.A.*, 250 F.3d 668, 668 (9th Cir. 2001). The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

## B. Discussion

### 1. Negligence *Per Se*

Defendant argues that negligence *per se* does not function as an independent cause of action and should be dismissed. (Dkt. No. 47 at 6.) Plaintiff responds that negligence *per se* is an actionable claim for relief but does not cite applicable authority to support her claim that negligence *per se* is an independent cause of action.

It is well established "by case law and the California Evidence Code, negligence *per se* is merely an evidentiary doctrine and not an independent cause of action." *People v. Kinder Morgan Energy Partners, L.P.*, 569 F. Supp. 2d 1073, 1087 (S.D. Cal. 2008).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 10-06131-BRO (JCx) | Date | January 13, 2014 |
|---|---|---|---|
| Title | Michelle Gilstrap v. United Airlines, Inc. et al | | |

Plaintiff references the Ninth Circuit decision for this case on appeal, arguing that the court established that "a negligence *per se* cause of action is proper when using the ACAA to establish the standard of care." (Dkt. No. 49 at 6.); *See Gilstrap v. United Airlines*, 709 F.3d at 998. This comment does not establish that negligence *per se* is an independent cause of action. The Ninth Circuit characterized negligence *per se* as a "California evidentiary rule" expressed in California Evidence Code section 669(a)(1). *Id* at 998 ("Under the California evidentiary rule of 'negligence *per se*,' a violation of 'a statute, ordinance, or regulation' can support a rebuttable presumption of failure to exercise due care.") Under California law, negligence *per se* is an evidentiary doctrine that has been codified in California Evidence Code § 669(a)(1). *California Serv. Station & Auto. Repair Ass'n v. Am. Home Assur. Co.*, 62 Cal. App. 4th 1166, 1177 (1998); *See Kinder*, 569 F. Supp. 2d at 1087 ("In California, negligence *per se* is 'a presumption of negligence [that] arises from the violation of a statute which was enacted to protect a class of persons of which the plaintiff is a member against the type of harm which the plaintiff suffered as a result of the violation of the statute.'") Plaintiff does not clearly articulate a violation of a statute, ordinance, or regulation to which to apply the evidentiary standard of negligence *per se*.

Accordingly, Defendant's motion to dismiss is **GRANTED** with regards to Plaintiff's claim for negligence *per se*. Plaintiff's claim is dismissed **with prejudice**.

### 2. Negligent Misrepresentation

In its motion to dismiss, Defendant argues that Plaintiff fails to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) to state an actionable claim for negligent misrepresentation. Plaintiff maintains she supplied sufficient facts to state an actionable claim for negligent misrepresentation. In the FAC, Plaintiff alleges four instances of negligent misrepresentation. The Court finds that Plaintiff does not satisfy the pleading standard with the first instance but satisfies the pleading standard with the latter three.

The elements of a cause of action for negligent misrepresentation are the same as those of a claim for fraud, except that the defendant does not actually need to know that the representation is false. *B.L.M. v. Sabo & Deitsch,* 55 Cal. App. 4th 823, 834, 64 Cal.Rptr.2d 335 (1997). An allegation that the defendant lacked reasonable grounds to

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 10-06131-BRO (JCx) | Date | January 13, 2014 |
|---|---|---|---|
| Title | Michelle Gilstrap v. United Airlines, Inc. et al | | |

believe that the representation was true is sufficient. *Id*. The elements of negligent misrepresentation consist of

> (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages.

*Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). (citing *Fox v. Pollack,* 181 Cal.App.3d 954, 962 (1986)). Claims for "negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson*, 290 F. Supp. At 1141. To plead with particularity, plaintiff must include "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citing *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997) (internal quotation marks omitted).

### i. Travel on August 12, 2008

Plaintiff pleads that she purchased her ticket for travel to Calgary, Canada from Los Angeles on or about July 17, 2008. (FAC ¶ 8). Plaintiff requested wheelchair assistance at the time of purchase to help her with her physical disability during travel. (FAC ¶ 8). When Plaintiff traveled on August 12, 2008, Plaintiff pleads that she was not provided the wheelchair as requested. (FAC ¶ 9.)

Plaintiff's allegations from August 12, 2008 fail to show negligent misrepresentation for two reasons. First, Plaintiff does not explain what representations Defendant made about access to a wheelchair. According to her FAC, Plaintiff purchased a ticket thinking the wheelchair would be available for her curbside, but"[t]here was no curbside check-in as there had been in the past, and there was no wheelchair available." (FAC ¶ 9.) Second, as discussed at length below in Section (III)(C)(1) these allegations are time barred.

Case 2:10-cv-06131-BRO-JC   Document 56   Filed 01/17/14   Page 6 of 12   Page ID #:351

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 10-06131-BRO (JCx) | Date | January 13, 2014 |
|---|---|---|---|
| Title | Michelle Gilstrap v. United Airlines, Inc. et al | | |

### ii.   Travel on August 17, 2008

Plaintiff alleges Defendant is liable for negligent misrepresentation for the events of August 17, 2008. Plaintiff returned to the Calgary airport for her return trip on August 17, 2008. (FAC ¶ 12.) Plaintiff alleges "once again there were no wheelchairs" though she had requested one on July 17, 2008 when she purchased her ticket. (FAC ¶ 13.) Before boarding the plane, Plaintiff pleads that she asked to have a wheelchair provided when she reached her connecting destination and "the agent said she could get one." (FAC ¶ 19.) When Plaintiff reached her connecting destination, she again asked for her wheelchair and a United flight attendant referred her to the gate attendant. (FAC ¶ 20.) Plaintiff asked the gate attendant if she could use the wheelchair available at the gate. The United agent refused, insisting that Plaintiff did not have a wheelchair note on her ticket. (FAC ¶ 20.) After thirty to forty-five minutes Plaintiff finally received a wheelchair. (FAC ¶ 20.) Plaintiff pleads sufficient factual allegations to state a claim for negligent misrepresentation.

### iii.   Travel on August 20, 2008

Plaintiff also alleges Defendant is liable for negligent misrepresentation for the events of the August 20, 2008. Gilstrap again requested a wheelchair during her travel. When she arrived at the Milwaukee airport she found that United was again unprepared to accommodate her request for a wheelchair. (FAC ¶ 21.)  She was required to convince a United agent that she needed a wheelchair. (FAC ¶ 21.) On her connecting flight home, a United agent assisted Plaintiff in boarding her flight and told her that he would be there to help her when the flight landed. After the flight, the United agent was not present to assist her.  . (FAC ¶ 23.) Plaintiff properly alleges her dependence on representations made by the United agent and the agent's subsequent actions that again left her without wheelchair access.

### iv.   Travel on December 26, 2009

Plaintiff purchased United air travel tickets in December 2009, and again requested the airline provide her with a wheelchair at the airport. (FAC ¶¶ 27-28.) Her connection from Denver to Madison on December 26, 2009 was cancelled due to inclement weather,

Case 2:10-cv-06131-BRO-JC   Document 56   Filed 01/17/14   Page 7 of 12   Page ID #:352

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 10-06131-BRO (JCx) | Date | January 13, 2014 |
|---|---|---|---|
| Title | Michelle Gilstrap v. United Airlines, Inc. et al | | |

stranding Plaintiff in the airport. (FAC ¶ 30.) Plaintiff explained her disability and flight delay to a United agent. (FAC ¶ 31.) The United agent assisted Plaintiff by transferring her to a Mesa Airlines flight.[1] (FAC ¶ 31.) When Plaintiff arrived in Madison, there was no wheelchair available. (FAC ¶ 33.) The Mesa agents explained no wheelchair had been requested by the United agent. (FAC ¶ 33.) Plaintiff pleads sufficient factual allegations to state a claim for negligent misrepresentation.

Plaintiff's allegations of negligent misrepresentation for the events of August 17, 2008, August 20, 2008, and December 26, 2009 are sufficiently pled to state a claim for relief. Defendant's Motion is **DENIED** with regard to Plaintiff's claim for negligent misrepresentation.

### 3. Intentional Infliction of Emotional Distress

Defendant argues that Plaintiff does not state a claim for Intentional Infliction of Emotional Distress ("IIED"), because Plaintiff does not sufficiently allege outrageous conduct or severe emotional distress. (Dkt. No. 47 at 10.) Plaintiff replies that her allegations satisfy the elements required to state a claim for IIED.

In order to state a cause of action for IIED a plaintiff must show: 1) outrageous conduct; 2) intention or reckless disregard of the probability of causing emotional distress; 3) severe or extreme emotional distress; and 4) actual and proximate causation of the emotional distress by the outrageous conduct. *Trerice v. Blue Cross of California*, 209 Cal. App. 3d 878, 883 (Ct. App. 1989); *See Gaeta v. Delta Airlines, Inc.*, No. 95-4298, 1997 WL 655953 at *7 (N.D. Cal. May 8, 1997) (finding that Plaintiff's failure to "adduce evidence that defendant engaged in outrageous conduct or that she experienced severe emotional suffering as a result of defendant's actions justifies summary adjudication of plaintiff's IIED cause of action in favor or defendant.")

---

[1] Consistent with the Ninth Circuit's reasoning in the appellate decision, the fact that Plaintiff was rebooked onto a Mesa Airlines flight does not alter the Court's analysis. As the Ninth Circuit concluded, Plaintiff was still flying on a United ticket. *Gilstrap*, 709 F.3d at 998 n.3.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 10-06131-BRO (JCx) | Date | January 13, 2014 |
|---|---|---|---|
| Title | Michelle Gilstrap v. United Airlines, Inc. et al | | |

While Plaintiff successfully pleads the first element for outrageous conduct, she fails to plead the third and fourth elements for severe emotional distress and proximate causation of emotional distress.

### i. Outrageous Behavior

Defendant argues Plaintiff's allegations only amount to unkind and perhaps rude treatment, but not outrageous treatment. The Court disagrees. Plaintiff alleges that on August 17, 2008, Plaintiff explained to a United agent that she was disabled and could not wait in a long line. (FAC ¶ 16.) After revealing her physical disability, Plaintiff alleges the United agent unilaterally rescheduled her onto a different flight that left four hours later. (FAC ¶ 17.) Plaintiff asked the reason for the change and the agent told her "this was what she got for refusing to stand in line" and "if she didn't like it, then she should step into the office behind her." (FAC ¶ 17.) When Plaintiff stepped into the office, a ticket agent "yelled and swore at [Plaintiff], told her to get out, and slammed the door." (FAC ¶ 18.)

According to the California civil jury instructions, "[c]onduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community" and it "does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure." Judicial Council of California Civil Jury Instruction 1602. The Court finds that Plaintiff alleges conduct "so extreme that it goes beyond all possible bounds of decency." *Id*.

### ii. Severe Emotional Distress and Proximate Causation

As Defendant points out, Plaintiff fails to plead severe emotional distress. Severe emotional distress is not trivial or transitory. *Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376, 397 (Cal. Ct. App. 1970). It is "emotional distress of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." *Id*. Plaintiff only pleads that she "was pressed to her physical and emotional limits by United agents" and she requests "compensation for the emotional pain and suffering she has endured." (FAC ¶¶ 68, 70.) Plaintiff's FAC does not state a claim for IIED because it lacks factual allegations demonstrating severe or extreme emotional distress.

Case 2:10-cv-06131-BRO-JC Document 56 Filed 01/17/14 Page 9 of 12 Page ID #:354

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 10-06131-BRO (JCx) | Date | January 13, 2014 |
|---|---|---|---|
| Title | Michelle Gilstrap v. United Airlines, Inc. et al | | |

As such, the Court **GRANTS** Defendants motion to dismiss Plaintiff's claim for IIED with leave to amend.

### 4. Negligent Infliction of Emotional Distress

In its motion to dismiss, Defendant argues that Plaintiff does not state a cause of action for negligent infliction of emotional distress ("NIED"). The Court agrees.

NIED is not an independent tort. *Catsouras v. Dep't of California Highway Patrol*, 181 Cal. App. 4th 856, 876 (2010). Rather, a claim for NIED is "the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply." *Wong v. Tai Jing,* 189 Cal. App. 4th 1354, 1377 (Cal.Ct.App.2010) (citing *Potter v. Firestone Tire & Rubber Co.,* 6 Cal. 4th 965, 1004 (1993)). Plaintiff already states a claim for negligence in her fourth cause of action. (FAC ¶¶ 56-62.) Plaintiff's claim for negligent infliction of emotional distress claim is no more than a restatement of her negligence claim. Plaintiff explains that she suffered serious emotional distress due to the fact that she was injured while exiting the plane. Plaintiff's allegations of emotional distress are connected to the physical injury that is the basis for her ordinary negligence claim. Under California law, it is well-settled that "in ordinary negligence actions for physical injury, recovery for emotional distress caused by that injury is available as an item of parasitic damages." *Potter,* 6 Cal.4th at 981. Any damages related to the physical injuries Plaintiff endured exiting the plane can be recovered as "parasitic damages" from her existing negligence claims.

It is possible that Plaintiff can plead some other basis for her NIED claim that is unrelated to her existing negligence claims. As such, the Court **GRANTS** Defendants motion to dismiss the claim with leave to amend.

## III. MOTION TO STRIKE

### A. Legal Standard

According to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Redundant matter consists of allegations that constitute a

Case 2:10-cv-06131-BRO-JC Document 56 Filed 01/17/14 Page 10 of 12 Page ID #:355

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 10-06131-BRO (JCx) | Date | January 13, 2014 |
|---|---|---|---|
| Title | Michelle Gilstrap v. United Airlines, Inc. et al | | |

needless repetition of other averments." *Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1079 (C.D. Cal 1994) (internal quotation marks omitted). Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. *See Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir.2010) (holding that the federal rules of civil procedure did not authorize striking a damages claim).

A motion to strike under Rule 12(f) "avoid[s] the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial ...." *Whittlestone, Inc.*, 618 F.3d at 973 (internal quotation marks and citation marks omitted). The Ninth Circuit declined to "read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . ." because Rule 12(b)(6) motions, or motions for summary judgment, already serve that purpose and the court ". . . would be creating redundancies within the Federal Rules of Civil Procedure." *Id*. at 974. 56 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 US. 544, 570(2007)).

### 1. Paragraphs 9-11

Defendant urges that paragraphs 9 through 11 should be stricken from the FAC because the events are time barred. The Court agrees that Plaintiff's claims from August 12, 2008 are effectively time barred by the statute of limitations. Plaintiff did not file her Complaint until August 17, 2010, over two years after the incident. Plaintiff attempts to assert the "continuing tort doctrine" to save these allegations. These allegations, however, pertain to discrete acts that occurred on August 12, 2008 date. Plaintiff does not include sufficient allegations in the FAC to show that the continuing tort doctrine applies. There is no basis to treat the subsequent discrete acts as a continuous wrong. *See Boon Rawd Trading Intern. Co., Ltd. V. Paleewong Trading*, 688 F. Supp. 2d 940, 952 (N.D. Cal. 2010)(finding discrete acts do not support application of continuous tort doctrine).

Accordingly, the Court **GRANTS** Plaintiff's motion to strike paragraphs nine through eleven.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 10-06131-BRO (JCx) | Date | January 13, 2014 |
|---|---|---|---|
| Title | Michelle Gilstrap v. United Airlines, Inc. et al | | |

### 2. Paragraphs 12-15

In the motion to strike Defendant argues that paragraphs 12 through 15 should be stricken because the allegations concern an alleged failure to accommodate an unnamed third party, not Plaintiff. For the following reasons the Court agrees with Defendant.

Plaintiff's specific allegations pertain to her friend, who is not a party to the litigation. Plaintiff does not plead any facts showing that she has standing to allege the tort violations on behalf of her traveling companion. (*See* FAC ¶¶ 12-15.) Further, Plaintiff concedes paragraphs twelve through fifteen "are simply background facts that occurred minutes before United allegedly violated the ACAA and discriminated against Gilstrap." (Dkt. No. 50 at 6.) Plaintiff also concedes, she "does not rely on paragraphs twelve (12) through fifteen (15) to establish any specific elements for any of her causes of actions." (Dkt. No. 50 at 7.) Defendant moves to strike these paragraphs because they are "immaterial" to the instant action. In light of Plaintiff's concessions, the Court finds the allegations have "no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517 (1994).

Accordingly, the Court **GRANTS** Plaintiff's motion to strike paragraphs twelve through fifteen.

### 3. Prayer for Punitive Damages

Defendant also requests for the Court to strike Plaintiff's prayer for punitive damages. (Dkt. No. 46 at 8.) Defendant argues that punitive damages are not recoverable as a matter of law and fact. Under California law, to recover punitive damages, "*There must be an intent to vex, annoy or injure*. Mere ... negligence, *even gross negligence is not sufficient to justify an award of punitive damages*." *Simmons v. S. Pac. Transp. Co.*, 62 Cal. App. 3d 341, 368 (Cal. Ct. App. 1976) (emphasis in original). Plaintiff's only claim for an intentional tort, IIED, does not survive Defendant's motion to dismiss. Under California law, Plaintiff's remaining claims for negligence cannot sustain a request for punitive damages. As such, Plaintiff's prayer for punitive damages is stricken. Should

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 10-06131-BRO (JCx) | Date | January 13, 2014 |
|---|---|---|---|
| Title | Michelle Gilstrap v. United Airlines, Inc. et al | | |

Plaintiff amend her FAC consistent with this order to state a claim for IIED, she may also amend her prayer for punitive damages.

## IV. Conclusion

In light of the foregoing, the Court orders the following:

(1) Defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part. (Dkt. No. 44) Accordingly:

   a. Plaintiff's claim for Negligence *Per Se* is dismissed with prejudice.
   b. Plaintiff's claim for Intentional Infliction of Emotional Distress is dismissed with leave to amend.
   c. Plaintiff's claim for Negligent Infliction of Emotional Distress is dismissed with leave to amend.

(2) The motion to strike, (Dkt. No. 45), is **GRANTED**. Accordingly:

   a. Plaintiff's allegations in paragraphs nine through eleven are stricken.
   b. Plaintiff's allegations in paragraphs twelve through fifteen are stricken.
   c. Plaintiff's prayer for punitive damages is stricken with leave to amend.

The Amended Complaint is to be filed no later than January 27, 2014.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |